IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

WESTERN HOLDING GROUP, INC.,

Debtor(s).

Case No. 10-04997 (MCF)

Chapter 11

FILED & ENTERED

FEB 2 4 2011

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

This proceeding is before the Court upon Debtor's Objection to Claim #15-2 (the "Objection") (Docket. No. 136), Wartsila Dominicana C. Por. A.'s (hereafter "Wartsila") Reply to the Objection to Claim #15-2 (the "Reply"), the Answer to Objection to Claim #15-2 (the "Answer"), as well as Wartsila's Supplement to Answer (Dockets No. 156, 164 and 165). For the reasons set forth below, Debtor's Objection (Docket. No. 79) is hereby GRANTED:

## I. PROCEDURAL HISTORY

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 6, 2010 (Docket No. 1). The case was later converted to a proceeding under Chapter 11 on July 13, 2010 (Docket No. 66).

On July 16, 2010, Debtor moved the Court for an order setting a claims bar date as to those creditors who hold "necessary liens" in the instant case (Docket No. 73). Debtor submitted additional legal arguments on August 11, 2010, in support of its request for the setting of a claims bar date

1

(Docket No. 91). On August 18, 2010, the Court entered an Order granting Debtor's request for a claims bar date, and instructing Debtor to submit a proposed Notice language so that the Clerk of the Court may issue the aforementioned claims bar date (Docket No. 96).

Wartsila made its first appearance, and request for notice, on August 18, 2010 (Docket No. 97). On August 23, 2010, the Clerk of the Court issued the "Notice of Bar Date to File Proof of Claims for 'Necessary Liens'" (the "Notice"), setting the following deadlines in the instant case: (1) Proof of Claims for necessary liens shall be filed on or before September 13, 2010; (2) objections to the Proof of Claims for necessary liens shall be filed on or before October 13, 2010; and (3) replies to objections to the Proof of Claims for necessary liens shall be filed on or before October 25, 2010 (Docket No. 103). On August 25, 2010, a Certificate of Service was filed evidencing notification to all creditors, including Wartsila, of the Notice (Docket No. 110).

Wartsila timely filed its Proof of Claim #15-1 on September 10, 2010. Wartsila later amended its claim on September 15, 2010, through Proof of Claim #15-2. Debtor filed its Objection on October 13, 2010. The Objection argues, among others, that, of the $533,297.49 claim filed by Wartsila, only $383,658.71 should be allowed, and the remaining balance of $149,638.78

2

should be disallowed in its entirety (Docket No. 136). Page 2 of

the Objection states:

> Please take notice that each creditor whose claim
> has been objected to as indicated above must file
> a response to the objection on or before **OCTOBER
> 25, 2010**. If the response  to the objection to
> the proof of claim and the Rule 3018(a) Motion
> are filed on or before **OCTOBER 25, 2010**, the
> Bankruptcy Court has set the date of November 16,
> 2010 for a hearing, to consider any opposition to
> the objection to claim.

(Docket No. 136 at p. 2)(Emphasis added).

Wartsila filed the Reply to Debtor's Objection on November

2, 2010 (Docket No. 156). Wartsila then filed the Answer and the

Supplement to Answer on November 11 and November 13, 2010,

respectively (Dockets No. 164 and 165).

Given the contested nature of these motions, the Court

scheduled a Pre-Trial hearing (Docket No. 176). The Joint Pre-

Trail Report was filed on December 6, 2010, and later amended on

December 16, 2010 (Dockets No. 180 and 185). The Pre-Trial

hearing was held on December 7, 2010 (Docket No. 184), and the

Trial is currently scheduled for February 25, 2011 (Docket No.

199).

## II. DISCUSSION

Upon careful review and analysis of the motions, the Joint

Pre-Trial Report and the Amended Joint Pre-Trial Report, the

Court finds that there exists no impediment which precludes the

Court from resolving the issue of timeliness of Wartsila's

3

Reply, Answer, and Supplement to Answer (Dockets No. 156, 164 and 165) at this time, before considering whether an evidentiary would even be warranted on the other arguments raised by the parties.

As indicated above, Wartsila made its first appearance in this case on August 18, 2010 (Docket No. 97). On August 23, 2010, five days after Wartsila made its initial appearance, the Clerk of the Court issued the Notice setting the claims bar date, as well as the deadlines for filing objections to claims and replies (Docket No. 103).

Wartsila formed part of the Court's electronic notification registry in the case at bar as early as August 18, 2010. As such, technically speaking, Wartsila should have been electronically notified of the Court's Notice once the same was issued on August 23, 2010. In any event, even if Wartsila did not receive an electronic notification of the Notice on August 23, 2010, pursuant to the Certificate of Service filed (Docket No. 110), Wartsila was undoubtedly informed of the imposed deadlines on August 25, 2010. Furthermore, Wartsila was informed on a second occasion of the Court's reply deadline on October 13, 2010, when Debtor twice indicated at page 2 of its Objection that the reply due date, as set forth by the Court, was October 25, 2010 (Docket No. 136).

4

Notwithstanding all this, Wartsila filed its Reply eight days after the reply period established by the Notice had expired.[1] Consequently, Wartsila's Answer and its Supplement to Answer were also untimely.

### III. ORDER

Given the fact that Wartsila failed to comply with the October 25, 2010 reply deadline after having been notified of the same, the Court hereby GRANTS Debtor's Objection (Docket No. 136) on the grounds of Wartsila's untimely replies.

Therefore, Wartsila's claim #15-2 is allowed up until the amount of $383,658.71. The remaining balance of $149,638.78 is hereby disallowed in its entirety.

Consequently, the Trial scheduled for February 25, 2011 is VACATED and set aside as moot.

SO ORDERED.

San Juan, Puerto Rico, this 24th day of February, 2011.

MILDRED CABAN FLORES
U.S. Bankruptcy Judge

---

[1] Wartsila argues at its Reply that Debtor's incorrect reliance on Fed. R. Bankr. P. 3018(a) voided the reply due date of October 25, 2010 therein cited by Debtor at page 2 of the Objection. This issue is irrelevant for, even if Debtor did incorrectly cite Fed. R. Bankr. P. 3018(a)(which deals with acceptance and rejection of plans under Chapters 9 and 11) in no way substituted and/or precluded the October 25, 2010 reply deadline as set by the Notice issued on August 23, 2010 (Docket no. 103).